IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40497
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY G. GARRETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:97-CR-72-2)
_____

March 3, 1999

Before KING, Chief Judge, REAVLEY and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The question on appeal is whether the district court correctly assessed sentencing

guidelines section 2D1.1(b)(1), a mandatory two-level sentence enhancement for a drug offense if

a weapon is present. The defendant argues that the government failed to prove a sufficient time

and space connection between his possession of the weapon and his underlying drug-related

activities. We affirm the judgment.

The decision to apply the two-level enhancement under section 2D1.1(b)(1) is a factual

determination, reviewed for clear error. See United States v. Rodriguez, 62 F.3d 723, 724 (5th

Cir. 1995). Section 2D1.1(b)(1) is a specific offense characteristic requiring the district court to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

enhance the base sentence level of a defendant convicted of a drug offense by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "The enhancement is appropriate if a firearm 'was possessed during the course of manufacturing, importing, exporting, or trafficking in narcotics, including attempting or conspiring to do so.'" United States v. Dixon, 132 F.3d 192, 201 (5th Cir. 1997) (citation omitted). Section 2D1.1(b)(1) requires only that the weapon be present, thus reflecting a policy determination that the likelihood of violence naturally increases "when drug traffickers possess weapons." U.S.S.G. § 2D1.1(b)(1) cmt. 3.

At sentencing, the government was required to demonstrate by a preponderance of the evidence that Garrett had possessed the dangerous weapon while undertaking his drug-related activities. See United States v. Webster, 960 F.2d 1301, 1310 (5th Cir. 1992). The government may prove the connection between the drugs and the gun by showing that "a temporal and spatial relationship existed between the weapon, the drug trafficking activity, and the defendant." United States v. Mergerson, 4 F.3d 337, 350 (5th Cir. 1993). "Generally the Government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." Id. In making its determination, the district court may consider "any relevant evidence that has sufficient indicia of reliability to support its probable accuracy." Dixon, 132 F.3d at 202 (internal quotation marks omitted). Once the government has established that the weapon was present, the district court must apply the enhancement unless the defendant demonstrates that it is "clearly improbable" that the weapon was connected with the drug offense. U.S.S.G. § 2D1.1 cmt. 3.

Garrett argues that the government failed to prove that he "possessed" the gun at all because he shared the bedroom where it was found with his girlfriend and the ownership of the gun is uncertain. "In determining possession what matters is not ownership but accessibility." United States v. Ramos, 71 F.3d 1150, 1157 n.25 (5th Cir. 1995) (internal quotation marks omitted). The test for constructive possession of a weapon in the joint-occupancy context is a

2

"commonsense, fact-specific approach," requiring "some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon." Mergerson, 4 F.3d at 349. In this case, a police report indicated that the dresser drawer in which the gun was found contained men's clothing. As such, the district court's inference that Garrett had knowledge of and access to the handgun is not clearly erroneous.

Garrett asserts that the April 8th search was too far removed from the drug offense on February 6th to support enhancement of that offense. This court has previously determined that the district court is not restricted to consideration of only the offense of conviction, but may also consider "related relevant conduct." United States v. Paulk, 917 F.2d 879, 884, 883-84 (5th Cir. 1990). The April 5th drug transaction, Garrett's stipulated possession of an aggregated amount of drugs, and his indictment in relation to a drug-distribution conspiracy together serve as competent evidence of the continuity of Garrett's drug-trafficking activities, tying the April 8th discoveries to the February 6th offense of conviction under Paulk. As such, the district court properly considered the temporal and spatial nexus established between the gun and the evidence of drug trafficking activities discovered with it.

Garrett contends that the evidence discovered April 8th is too insubstantial, standing alone, to support the two-level enhancement of a drug offense that had occurred two months earlier. The application note to section 2D1.1 provides the district court with some discretion to consider the context in which the evidence is discovered when determining whether it must enhance a drug sentence. For example, enhancement should not be applied "if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1 cmt. 3. Garrett has argued that the amount of inculpatory drug evidence found with the gun was insignificant and, like a hunting rifle, the .22 caliber handgun is not the type of weapon on which the court should base the two-level enhancement. The district court disagreed. Given that, unlike the hypothetical, Garrett's handgun was loaded and stored near the drug debris and paraphernalia, the district court's decision does not constitute clear error. "Moreover, that the firearms

3

possessed were not the usual firearms or tools of the trade, [sic] does not render the court's findings clearly erroneous." United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993). This court has previously stated that the government can meet its burden if it proves by a preponderance of the evidence only that "the weapon was found in the same location where . . . drug paraphernalia are stored." Mergerson, 4 F.3d at 350.

For the foregoing reasons, we affirm the district court's enhancement of Garrett's sentence under section 2D1.1(b)(1).

AFFIRMED.